UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                          Case Nos.:   5:13cr40/RH/CJK
                                                         5:15cv117/RH/CJK

JONATHAN JEROME PRYOR

_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 38).  The Government filed a response (ECF No.44), following which the court entered an order directing Defendant to file a sworn statement or a reply.   Defendant did not comply with that order, and the case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that an evidentiary hearing is not warranted and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

Defendant was charged in a single count indictment with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 1). Appointed counsel Michelle Kathleen Daffin represented Defendant. (ECF No. 8).[1] Defendant entered a plea pursuant to a written plea agreement and statement of facts on November 7, 2013. (ECF Nos. 15–17)

The Final Presentence Investigation Report ("PSR") calculated Defendant's Total Offense Level as 21 and his Criminal History Category as IV. (*See* ECF No. 27, PSR ¶¶ 16–25, 39–40). The applicable statutory maximum term was ten years, and the advisory guidelines range was 57 to 71 months. (ECF No. 27, PSR ¶¶ 73–74). On May 21, 2014, the court sentenced Defendant to a term of 64 months, at the middle of the applicable guidelines range. (ECF Nos. 31, 34). Defendant did not appeal.

Defendant timely filed his original motion to vacate in May of 2015, and he filed his amended motion, pursuant to court order, in June of 2015. (ECF Nos. 35, 36, 38). In his amended motion, Defendant raises two grounds for relief. First, he asserts that counsel failed to file an appeal as requested, and second, he requests an adjustment in his sentence pursuant to U.S.S.G. § 5G1.3 and Amendment 787. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

### General Standard of Review

---

[1]At the time of the proceedings in this case, counsel's name was Michelle K. Spaven. Both the court docket sheet and the records of the Florida Bar indicate the correct name is currently Michelle Daffin.

Case Nos.: 5:13cr40/RH/CJK; 5:15cv117/RH/CJK

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (*quoting Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual

prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*,786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*,

518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (*citing Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F .3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are ... based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

<u>Ground One: Counsel's Failure to File an Appeal</u>

Defendant alleges on the § 2255 motion form that he told counsel when she came to visit him to file a notice of appeal. (ECF No. 38 at 4). Defendant has also attached an "Affidavit of Truth" which states, in its entirety, "when my attorney came to visit me at the county jail, I told him that no matter what happens at sentencing that I wanted him to file a notice of appeal after sentencing and that I wanted him to request for an adjustment of sentence pursuant to Amendment 787 and 5g1.3 and he failed to do so." (ECF No. 38 at 19). Thus, from Defendant's submission it appears that the only conversation about the appeal took place before sentencing.

In the Government's response, it argues that Defendant's affidavit is not credible and that he has provided no other proof that he requested that counsel file an appeal. The Government notes that despite Defendant's repeated use of the masculine pronoun in his affidavit, Defendant's only attorney of record was, and is, female. The Government suggests that if Defendant cannot accurately recall the name or gender of his attorney, he cannot accurately recall the conversations he had with that attorney. It also notes that Amendment 787 became effective on November 1, 2014, months after his sentencing hearing and the expiration of the deadline to file an appeal. Thus, the Government argues, it was impossible for Defendant to have had the conversation he describes. (ECF No. 44 at 5–6).

The law is well established that if a defendant specifically instructs his attorney to file a notice of appeal, a lawyer who disregards this instruction acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (*citing Rodriguez v. United States*, 395 U.S. 327 (1969); *Peguero v. United States*, 526 U.S. 23, 28 (1999)). Since a defendant whose lawyer fails to file an appeal upon request has been denied an entire judicial proceeding, prejudice is presumed and the defendant is entitled to a belated appeal. *Id.*; *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005).

Accordingly, after reviewing the Government's response, the court entered an order advising Defendant that if he wished to pursue his claim that counsel was constitutionally ineffective for failing to file an appeal, he was required to file, at minimum, a sworn statement to assist the court in determining whether an evidentiary hearing is warranted. (ECF No. 45). The court instructed Defendant to set forth, in as much detail as possible, and under penalty of perjury, *all* discussions (and

attempted discussions) he had with counsel regarding an appeal both before and after sentencing and to explain when and how he learned that counsel had not filed an appeal in his behalf. The court also suggested that Defendant identify the grounds he asked her to raise on appeal and the witnesses to his conversations with counsel, if any, and that he indicate whether he contacted either counsel's office or the court after sentencing with respect to his appeal. The court advised Defendant that failure to submit the statement as directed could be construed as abandonment of Defendant's claim that his attorney was ineffective.

Although the deadline for filing this statement elapsed weeks ago, Defendant has not filed either a sworn statement or a memorandum of law in response to the court's order. Defendant's assertion that he told counsel to file an appeal even before his sentencing proceeding took place is unsupported, and under the totality of the circumstances, it is not worthy of belief. Therefore, his allegations warrant neither an evidentiary hearing nor relief.

Ground Two: Sentencing Adjustment pursuant to U.S.S.G. § 5G1.3 and Amendment 787

In his only other ground for relief, Defendant contends that he is entitled to a sentencing adjustment based on Amendment 787 to the Sentencing Guideline which amended, inter alia, Section 5G1.3 of the guidelines, which addresses how a sentencing court should consider undischarged or anticipated terms of imprisonment. A defendant's sentence may be lowered upon motion of the defendant only when the Sentencing Commission lowers the sentencing range pursuant to 28 U.S.C. § 994(o) and a reduction is consistent with the § 3553(a) sentencing factors and the policy statements contained within section 1B1.10. *See United States v. Williams*, 158 F.

App'x 249, 250 (11th Cir. 2005). Amendment 787 became effective on November 1, 2014, and it was not made retroactive by the sentencing commission pursuant to section 1B1.10(e) of the Sentencing Guidelines. The provision does not apply to Defendant's case, and he is entitled to no relief.

Conclusion

Defendant has failed to show that either of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 has merit, or that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may

bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The amended motion to vacate, set aside, or correct sentence (ECF No. 38) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of October, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.